**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(Houston Division)**

| | | |
|---|---|---|
| **FIRST CONTINENTAL LIFE ACCIDENT INSURANCE CO.** | * | |
| | * | |
| **Plaintiff** | * | **CASE NO.: _____** |
| **v.** | * | |
| **SENIOR DENTAL INSURANCE SOLUTIONS, LLC** | * | |
| | * | |
| **Defendant** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANT SENIOR DENTAL INSURANCE SOLUTIONS, LLC'S NOTICE OF REMOVAL

Defendant Senior Dental Insurance Solutions, LLC ("SDIS"), by and through their counsel Jesse M. Coleman, Nicholas G. Grimmer, and Seyfarth Shaw LLP, pursuant to 28 U.S.C. §§ 1441 and 1332(a), hereby file this Notice of Removal of this action from the 240th District Court for Fort Bend County, Texas, to the United States District Court for the Southern District of Texas, Houston Division.  In support thereof, SDIS states as follows:

1.       SDIS is named as Defendant in the action styled as *First Continental Life Accident Insurance Co. v. Senior Dental Insurance Solutions, LLC*, in the 240th District Court for Fort Bend County, Texas, Case No. 16-DCV-233827.

1

2.      Plaintiff First Continental Life Accident Insurance, Co. ("FCL") is a Texas corporation that maintains a principal office at 101 Parklane Blvd., Suite 301, Sugar Land Texas 77478.

3.      SDIS is a Maryland limited liability company that maintains its principal office at 210 Pier One Road, Suite 205, Stevensville, MD 21666.

4.      SDIS is a multi-member limited liability company consisting of eight members.  Member William Whitehurst is a citizen of Maryland.  Member George E. Harris V is a citizen of Pennsylvania.  Member George E. Harris IV is a citizen of Maryland.  Member R. Garland McKnight is a citizen of Pennsylvania.  Member Eric C. Thomas is a citizen of Pennsylvania.   Member Thomas Jackson is a citizen of Pennsylvania.  Member James T. Carney is a citizen of Pennsylvania.  Member George Lieb is a citizen of Florida.

5.      There is full diversity of citizenship in this lawsuit.

6.      Plaintiff seeks damages in excess of $75,000.00.

7.      Pursuant to 28 U.S.C. §§ 1332 and 1441, SDIS has the right to remove this action from the 240th District Court for Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division, based on full diversity of citizenship and damages in excess of $75,000.00.

8.      SDIS was served with a copy of the summons and complaint on July 14, 2016.  This Notice of Removal is timely as it is filed within 30 days after SDIS was served with notice of the action.

9.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants are attached to this Notice of Removal as Exhibit A.

10.     Pursuant to 28 U.S.C. § 1446(b), Defendants will give notice promptly upon filing this Notice of Removal to all parties of record and to the Clerk of the District Court for Fort Bend County, TX.  A copy of this notice is attached as Exhibit B.

WHEREFORE, please take notice that this action should proceed in the United States District Court for the Southern District of Texas, Houston Division as an action properly removed pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

/s/ Jesse M. Coleman
SEYFARTH SHAW, LLP

Jesse M. Coleman, TX Bar No. 24072044
jmcoleman@seyfarth.com
Nicholas G. Grimmer, TX Bar No. 24065331
ngrimmer@seyfarth.com
700 Milam Street, Suite 1400
Houston, TX 77022
Phone: (713) 225-2300
Fax: (713) 225-2340

*Attorneys for Defendant,*
*Senior Dental Insurance Solutions, LLC*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of August, 2016, a copy of the foregoing was served upon all counsel of record using the CM/ECF system:

> Alexander C. Chae
> Texas Bar No. 04056090
> achae@gardere.com
> GARDERE WYNNE SEWELL LLP
> 1000 Louisiana, Suite 2000
> Houston, TX 77002
> Phone: (713) 276-5500
> Fax: (713) 276-5555
>
> Elliot Strader
> Texas Bar No. 24063966
> estrader@gardere.com
> GARDERE WYNNE SEWELL LLP
> 1601 Elm Street, Suite 3000
> Dallas, TX 75201
> Phone: (214) 999-3000
> Fax: (214) 999-4388
>
> *Counsel for Plaintiff*

/s/ Jesse M. Coleman
Jesse M. Coleman

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
07/14/2016
CT Log Number 529502400

**TO:** William Whitehurst, Managing Director
Senior Dental Insurance Solutions, LLC
12417 Happy Hollow Rd
Cockeysville, MD 21030-1711

**RE:** **Process Served in Texas**

**FOR:** Senior Dental Insurance Solutions, LLC  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FIRST CONTINENTAL LIFE ACCIDENT INSURANCE CO., Pltf. vs. Senior Dental Insurance Solutions, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 240th Judicial District Court Fort Bend County, TX<br>Case # 16DCV233827 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/14/2016 at 15:45 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and plaintiff's original petition (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | ALEXANDER CARL CHAE<br>GARDERE INYNNE SEWELL LLP<br>1000 LOUISIANA SUITE 2000<br>HOUSTON, TX 77002-5007<br>713-276-5500 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783594141587 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

THE STATE OF TEXAS

CITATION

TO:   **SENIOR DENTAL INSURANCE SOLUTIONS, LLC**
      **C/O CT CORPORATION**
      **1999 BRYAN ST SUITE 900**
      **DALLAS TX 75201-3136**

**NOTICE:**

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION** filed on **July 12, 2016,** a default judgment may be taken against you.  Said answer may be filed by mailing same to: District Clerk's Office, 301 Jackson, Richmond, Texas 77469, or by bringing it to the office.  Our street address is 1422 Eugene Heimann Circle, Richmond, Texas 77469.  We are located on the first floor of the Courthouse building.

    The case is presently pending before the **240TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas, and was filed **on July 12, 2016.** It bears cause number **16-DCV-233827**  and is styled:

**FIRST CONTINENTAL LIFE ACCIDENT INSURANCE CO. VS SENIOR DENTAL INSURANCE SOLUTIONS, LLC**

    The name and address of the attorney for **PLAINTIFF** is:

**ALEXANDER CARL CHAE**
**GARDERE WYNNE SEWELL LLP**
**1000 LOUISIANA  SUITE 2000**
**HOUSTON TX  77002-5007**
**713-276-5500**

    The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation and made a part hereof.

    If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 13th day of July, 2016.**

                         **DISTRICT CLERK ANNIE REBECCA ELLIOTT**
                         **Fort Bend County, Texas**

                         By: _Layla H___

                         **Deputy District Clerk LAYLA HELTON**
                         **Telephone: (281) 633-7635**

**SERVICE**

16-DCV-233827            **240th Judicial District Court**
First Continental Life Accident Insurance Co. vs Senior Dental Insurance Solutions, LLC

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M* on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together with

the accompanying copy of the petition, having first attached such copy of such petition to such copy of

citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____

Name of Officer or Authorized Person

_____County, Texas

By:_____

Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,

(First, Middle, Last)

my date of birth is_____, and my address is _____

(Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____

Declarant / Authorized Process Server

_____

(Id # & expiration of certification)

**SERVICE**

Filed
7/12/2016 5:25:22 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Michelle Jensen



CAUSE NO. **16-DCV-233827**

| | | |
|---|---|---|
| **FIRST CONTINENTAL LIFE ACCIDENT INSURANCE CO.,** | § § § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § § | |
| **v.** | § § | **FORT BEND COUNTY, TEXAS** |
| | § | Fort Bend County - 240th Judicial District Court |
| **SENIOR DENTAL INSURANCE SOLUTIONS, LLC ,** | § § § | _____ **JUDICIAL DISTRICT** |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

First Continental Life Accident Insurance Co. d/b/a FCL Dental, for itself and as successor by merger of MNM-1997 Inc. d/b/a Oraquest Dental Plans ("FCL") submits this Original Petition and in support thereof would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1.      Pursuant to Texas Rule of Civil Procedure 190.4, FCL intends to conduct discovery under a Level 3 Discovery Control Plan.

### PARTIES

2.      FCL is a Texas corporation that maintains a principal office at 101 Parklane Boulevard, Suite 301, Sugar Land, Texas 77478. FCL is the successor by merger of MNM-1997, Inc. d/b/a OraQuest Dental Plans.

3.      Senior Dental Insurance Solutions, LLC ("SDIS") is a Maryland company that maintains its principal place of business at 210 Pier One Road, Suite 205, Stevensville, Maryland 21666. SDIS may be served with process through its registered agent, CT Corporation, located at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

**RULE 47 DISCLOSURE**

4.      In accordance with Texas Rule of Civil Procedure 47(c), FCL states that it seeks monetary relief over $100,000 but not more than $1,000,000, as well as non-monetary relief.

**VENUE**

5.      The amount in controversy is within the jurisdictional limits of this Court. This Court has personal jurisdiction over SDIS.

6.      Venue is proper in Fort Bend County, Texas pursuant to Texas Civil Practice & Remedies Code §15.002 because a substantial part of the events or alleged omissions giving rise to FCL's claims occurred in Fort Bend County, Texas

**FACTUAL BACKGROUND**

**A.  SDIS began by selling PrevMED's dental hygiene program in Florida.**

7.      PrevMED, formerly known as Onsite Health Care Services, began as a Florida-based company delivering preventative dental care to residents SNFs onsite at the facilities. Eventually, its business model was to pair with an insurance company, the premiums for which could be paid by residents utilizing their applied income based on the Incurred Medical Expense ("IME") provisions of Medicaid. The idea being that as long as a resident has sufficient applied income to cover the cost of the insurance premium, the resident would not have to come out of pocket to receive the dental benefits specified in the policy. The care was covered entirely by the insurance policy paid for by Medicaid, and the insurance company paid PrevMED the bulk of the premiums to deliver the care.

8.      In order to sell the policies, PrevMED needed an insurance broker, which was SDIS. Upon information and belief, PrevMED and SDIS originally shared officers and directors. The two companies also maintained offices at the same location in Maryland.

2

9.      Originally, in Florida, the benefits under the insurance product matched "exactly" with PrevMED's preventative dental plan, marketed as the Oral Cavity Rehabilitation Program (the "OCR Program"). The insurance product and the OCR Program provided for things like dental assessments, routine cleanings, and other preventative dental services—and only those services.

10.     In or around 2008, PrevMED partnered with other companies, Mid-America Health, Inc. ("MAH") and Mid-America Professional Group, P.C. ("MAPG") to expand PrevMED's operations.  At the time, MAH's primary business was providing portable dental services to prison inmates under government contracts.  MAH did not perform dental services in SNFs, but it had experience providing dental services, at least to inmates, and the related administration.

11.     MAH bought a stake in PrevMED in or around 2010 and, in return, PrevMED turned over the provider and administration roles to MAH, through a services agreement in 2011. PrevMED was left with the sales and marketing effort.  PrevMED's and MAH's roles were further divided among several different entities.  The actual dental services were performed by dentists employed by MAPG, created by MAH.  The policies continued to be sold to residents through SDIS, and the policies were administered through a third-party administrator, Group Benefit Services, Inc. ("GBS").  Each entity took a cut of the insurance premium.

**B.  FCL partnered with PrevMED and SDIS to sell the OraQuest policy in Texas.**

12.     After partnering with MAH, PrevMED wanted to expand its business into Texas. To do that, PrevMED needed to find a Texas health maintenance organization, like FCL, that offered an insurance product.  Unaware of the internal struggle going on within PrevMED and the alleged rationing of care, FCL agreed to partner with PrevMED and its affiliated companies.

3

13.     In March 2011, PrevMED and FCL entered into an agreement, whereby PrevMED agreed to "contract[] for the provision of services covered" under a dental insurance policy issued by FCL, then operating as OraQuest.  The agreement specified that the policy would be sold by SDIS and administered by GBS.  The agreement also set each party's respective share of the $238 policy premium for policies sold by SDIS:  $18 went to OraQuest, $20 went to GBS, $25 went to SDIS, and $175 went to PrevMED.

14.     Unlike with PrevMED's Florida operations, the OraQuest policy provided comprehensive benefits to residents, including such things as crowns, fillings, partial dentures, and full set of dentures at no out-of-pocket cost to the resident.  To say the least, the benefits covered under the OraQuest policy were much more extensive than the OCR Program PrevMED had previously operated under.

**C.  PrevMED used SDIS to misrepresent the policy terms to SNFs and their residents.**

15.     Even though PrevMED agreed to provide the services covered by the OraQuest policy, PrevMED apparently never intended to fulfill that obligation.  Rather, PrevMED, MAH, and MAPG always intended to limit their services to the OCR Program, regardless of the policy's terms.

16.     For example, in February 2011—just a month before PrevMED entered into the agreement with OraQuest—PrevMED's employees were internally trying to "confirm that the schedule of benefits for Texas is our standard hygiene package," like with the Florida operations. PrevMED's executives explained that although the OraQuest policy was different, its personnel were nevertheless going to train the dentists to diagnose the OCR Program and disregard the benefits offered under the policy:

> Attached are the SOB [Statement of Benefits] approved by OraQuest for the state.  Also it is my understanding the SOB for Texas and NJ are the same as far as they hygiene

program we provide.  Please keep in mind that what the resident will actually receive will be diagnosed by the DDS [dentist].  The other services are listed for you but will not be included in the service agreement by the SNF.  It is similar to the scenario we all have with medical benefits: lots is covered but the Dr. must diagnose it.  So the DDS after going through the training program will be diagnosing the Oral Cavity Rehabilitation Program we provide.

17.     So from the outset, PrevMED's intention was to completely ignore the benefits covered under the policy and train its dentists to diagnose the OCR Program, so that the only benefits the resident would "actually receive" would be a hygiene program, while the "other services" covered by the policy would not even be offered to the facility or patients.

18.     Utilizing SDIS to misrepresent the OraQuest policy was central to PrevMED's scheme. PrevMED's agent and SDIS employee, Anna Krenzien, provided sworn testimony on June 8, 2016 (in litigation between FCL and PrevMED) that during her training Lee Maynard, an individual employed at various times by both by SDIS and PrevMED (as its Vice President of Operations), specifically told her that the only benefits covered under the policy were dentures, relines of dentures, partials, extractions, and monthly cleanings.  Mr. Maynard never provided Ms. Krenzien a copy of the actual policy or schedule of benefits, despite multiple requests.

19.     Accordingly, the SDIS employees marketing OraQuest's policy were falsely telling SNFs that whatever was covered under the oral health maintenance program was all that was covered under the policy.  Ms. Krenzien testified that when a social service director would ask her what to do about a filling (something clearly covered by the OraQuest policy), she was "told" to say that fillings were not covered by the OraQuest Policy, and that they only provided denture related, extraction and cleaning services.

20.     In short, SDIS intentionally trained its employees to misrepresent the OraQuest policy's terms, and that is what SDIS's employees did.

21.     Also, unbeknownst to FCL, in or around 2013, PrevMED sought out a partnership with an entity called Mobile Dental Care PMA ("Mobile Dental") in order to avoid providing the very services that PrevMED had contractually agreed to provide and that were covered under the OraQuest policy.  Under the Mobile Dental/PrevMED arrangement, any patient that required a significant amount of dental work (really, anything beyond denture care and cleanings) was automatically referred to Mobile Dental who would perform the work and submit reimbursements to Medicaid.   The intent was that such patient could then be referred back to PrevMED for general maintenance, after all the expensive work had already been covered by the government.

22.     SDIS facilitated PrevMED's fraud, as revealed by Ms. Krenzien's testimony. Through SDIS, PrevMED and Mobile Dental implemented an assessment program in which the dentist, the hygienist, and SDIS would assess the patient and then, based on the amount of decay or dental work required, would highlight the patient's name in certain colors to indicate whether the patient would be referred to Mobile Dental or to PrevMED.  Thus, PrevMED and SDIS were not even attempting to market the OraQuest policy to certain patients, but instead, were referring patients (through SDIS) to a competing company for the more expensive procedures, allowing PrevMED to pocket excess premiums by only providing its own maintenance program.  All of this was accomplished through SDIS, whose employees were trained to misrepresent the benefits of the OraQuest policy.

23.     Not surprisingly, PrevMED and SDIS received complaints that the OraQuest policy was worthless, based on the way SDIS marketed the policy and the limited services PrevMED delivered. Ms. Krenzien verified that she had personally received complaints about the PrevMED program from SNF employees, which warned her that she would "end up going to

jail" because what PrevMED was doing was "fraud."  Ms. Krenzien's personal take on the PrevMED program was that it was "highway freakin' robbery."  At that time, Ms. Krenzien did not divulge to OraQuest any details of her PrevMED experience.

**D. OraQuest was forced to terminate its relationship with PrevMED, but unwittingly continued its relationship with SDIS.**

24.    PrevMED's conspiracy with SDIS to misrepresent the OraQuest policy was unknown to FCL.  However, FCL began getting reports that PrevMED employees were advising patients to seek another dental provider to perform services, such as crowns, that were already covered under the OraQuest policy.  The result of PrevMED's tactic to send an insured to another provider to perform already covered services—services that PrevMED was obligated to provide—was that residents were told they needed to cancel the OraQuest policy.  That was the only way the other provider could get reimbursed through Medicaid, which (as OraQuest had already told PrevMED) would amount to Medicaid fraud.

25.    Rather than risk being falsely accused of being complicit in PrevMED's conduct, FCL was forced to terminate its relationship with PrevMED in September 2014.  FCL advised the SNFs and residents that it had "discontinued its partnership with PrevMED, Inc." and assured them that the "PrevMED™ Oral Health Maintenance® Plan will no longer be associated with the OraQuest Policy."

26.    Although FCL terminated its relationship with PrevMED, FCL continued to utilize SDIS as its broker following the termination.  Through conversations with SDIS, FCL was led to believe that the fault in marketing and delivering the services under the OraQuest policy was entirely that of PrevMED and its affiliated entities.  Based on those representations, FCL and SDIS continued to allow SDIS to sell the OraQuest policy in exchange for a commission paid as a portion of the policy premium.

**E. Ms. Krenzien's deposition revealed the truth that SDIS misrepresented the OraQuest policy.**

27.     FCL did not learn that SDIS was facilitating PrevMED's fraud and affirmatively misrepresenting the benefits under the OraQuest policy until the deposition of Ms. Krenzien on June 8, 2016, which was taken as part of the ongoing litigation between PrevMED, its affiliates, and FCL resulting from the termination of the agreement between PrevMED and FCL.

28.     On July 12, 2016, FCL terminated its relationship with SDIS to sell the OraQuest policy.  As a result, SDIS may not market or sell the OraQuest policy, and SDIS is no longer entitled to receive any commission from FCL.

29.     As a result of PrevMED's conduct, which was facilitated by SDIS, FCL was forced to terminate its relationship with PrevMED and make provision for services PrevMED had agreed to provide.

30.     Also, as a result of being forced to terminate SDIS, FCL has and will incur significant costs in identifying and securing another insurance broker, and has and will suffer lost sales as a result of the transition.

## CAUSES OF ACTION

### COUNT I - DECLARATORY RELIEF

31.     FCL incorporates the paragraphs set forth above.

32.     FCL, SDIS, and its subagents (SDIS's employees) entered into written agency contract. An actual controversy exists between FCL and SDIS regarding their respective rights, obligations, duties under that contract and Texas Insurance Code section 4001.051.

33.     Pursuant to Texas Insurance Code section 4001.051, a person is an agent of an insurer if the person (a) solicits insurance on behalf of the insurer; (b) receives or transmits an

8

application for insurance to or from the insurer; or (c) takes any other action in the making or consummation of an insurance contract for or with the insurer. Tex. Ins. Code § 4001.051(b).

34.     However, an agent is not authorized to orally, in writing, or otherwise alter or waive a term or condition of an insurance policy or an application for an insurance policy. Tex. Ins. Code § 4001.051(b).

35.     Pursuant to Chapter 37 of the Texas Civil Practices & Remedies Code, the Uniform Declaratory Judgments Act, FCL requests a declaration that:

    a. SDIS had no actual or apparent authority to misrepresent the terms of the OraQuest policy; and

    b. SDIS was not acting as agent of FCL in misrepresenting the terms of the OraQuest policy.

36.     Pursuant to section 37.009 of the Texas Civil Practices & Remedies Code, Continental seeks an award of costs and its reasonable and necessary attorneys' fees incurred in connection with seeking the foregoing declaration.

## COUNT II – TEXAS INSURANCE CODE VIOLATIONS

37.     FCL incorporates the paragraphs set forth above.

38.     SDIS is a person engaged in the business of insurance pursuant to Texas Insurance Code section 541.002.

39.     SDIS engaged in the following unfair or deceptive acts in violation of the Texas Insurance Code:

    a. Misrepresenting the terms of the OraQuest insurance policy (Tex. Ins. Code § 541.051(1)(A));

    b. Misrepresenting the benefits or advantages promised by the OraQuest policy (Tex. Ins. Code § 541.051(1));

    c. Making an untrue statement of material fact (Tex. Ins. Code § 541.061(1));

9

49.     FCL is entitled to recover its actual damages resulting from the SDIS's non-disclosure, as well as exemplary damages.

## COUNT III – AIDING AND ABETTING TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS

50.     FCL incorporates the paragraphs set forth above.

51.     FCL had valid and enforceable contracts with its insureds, the residents of SNFs.

52.     PrevMED, MAH, and MAPG intentionally, willfully, and maliciously interfered with FCL's contracts with its insureds, including by failing to offer or perform covered services.

53.     SDIS provided substantial assistance to PrevMED, MAH, and MAPG in their interference with FCL's contracts by misrepresenting the benefits available under the policy.

54.     SDIS's own conduct was independently tortious and was a substantial factor in bringing about the interference by PrevMED, MAH, and MAPG with FCL's insurance contracts.

55.     As result of SDIS's conduct, and the conduct PrevMED, MAH, and MAPG, FCL suffered damages within the jurisdictional limits of this Court.

## REQUEST FOR DISCLOSURE

56.     Within 50 days of service of this petition and request, FCL requests that SDIS disclose the information or material described in Rule 194.2(a)-(l).

## PRAYER FOR RELIEF

FCL respectfully requests Court enter judgment in its favor for:

    a.   actual damages;

    b.   exemplary damages;

    c.   pre-judgment interest at the highest rate allowed by law;

    d.   post-judgment interest at the highest rate allowed by law;

    e.   costs of court; and

11

f.   such other and further relief, general or special, at law or in equity, to which FCL is entitled.

Respectfully submitted,

*/s/ Alexander C. Chae*

Alexander C. Chae
Texas Bar No. 04056090
achae@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 2000
Houston, Texas  77002-5007
713.276.5500 (telephone)
713.276.5555 (facsimile)

Elliot Strader
Texas Bar No. 24063966
estrader@gardere.com
**GARDERE WYNNE SEWELL LLP**
1601 Elm Street, Suite 3000
Dallas, Texas  75201-4761
214-999-3000 – Telephone
214-999-4388 – Facsimile

**COUNSEL FOR PLAINTIFF**

Filed
8/5/2016 4:13:50 PM
**Annie Rebecca Elliott**
District Clerk
Fort Bend County, Texas
Layla Helton

Cause No. 16-DCV-233827

| | | |
|---|---|---|
| FIRST CONTINENTAL LIFE ACCIDENT INSURANCE CO., | § § § | IN DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | FORT BEND COUNTY, TEXAS |
| SENIOR DENTAL INSURANCE SOLUTIONS, LLC | § § § | |
| Defendant. | § § | 240th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Senior Dental Insurance Solutions, LLC ("Defendant") files this Original Answer to Plaintiff First Continental Life Accident Insurance Co. ("Plaintiff")'s Original Petition.

### GENERAL DENIAL

Defendant generally denies the allegations in Plaintiff's Original Petition and requests that Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### PRAYER

For these reasons, Defendant asks the Court to dismiss Plaintiff's suit, render judgment that Plaintiff take nothing, award reasonable and necessary attorney fees to Defendant, assess costs against Plaintiff, and award Defendant all other relief to which Defendant is entitled.

Respectfully submitted,

SEYFARTH SHAW LLP

By: /s/  Jesse M. Coleman
     **Jesse M. Coleman**
     Texas Bar No. 24072044
     **Nicholas G. Grimmer**
     Texas Bar No. 24065331
     700 Milam Street, Suite 1400
     Houston, Texas 77002
     Phone: (713) 225-2300
     Fax: (713) 225-2340
     jmcoleman@seyfarth.com
     ngrimmer@seyfarth.com

     **Attorneys for Defendant**
     **Senior Dental Insurance Solutions, LLC**

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, as listed below via hand delivery, facsimile, email and/or My File Runner using the CM/ECF system, on this the 5th day of August, 2016.

Alexander C. Chae
Texas Bar No. 04056090
achae@gardere.com
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 2000
Houston, TX 77002
Phone: (713) 276-5500
Fax: (713) 276-5555

Elliot Strader
Texas Bar No. 24063966
estrader@gardere.com
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201
Phone: (214) 999-3000
Fax: (214) 999-4388

**Counsel for Plaintiff**

　　　　　　　　　　　　　　　　　　_/s/  Nicholas G. Grimmer_
　　　　　　　　　　　　　　　　　　Nicholas G. Grimmer

3

23195702v.1